1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  BRIAN C. QUINN, an individual,        )   Civil No. 04CV2417 JAH(AJB)
                                          )
11                      Plaintiff,        )   **ORDER GRANTING**
    v.                                    )   **DEFENDANTS CORNERSTONE**
12                                        )   **STRATEGIC ADVISORS, LLC.,**
    CORNERSTONE STRATEGIC                 )   **ROGER K. FULLER, AND**
13  ADVISORS, LLC, a Utah limited         )   **D. MICHAEL BISHOP'S MOTION**
    liability company; doing business as  )   **TO DISMISS PURSUANT TO**
14  CSA STRATEGIC ADVISORS, LLC;          )   **FED.R.CIV.P. 4(m) [DOC. # 77]**
    et al.,                               )
15                                        )
                        Defendants.       )
16  _____   )

17                          **INTRODUCTION**

18          Pending before this Court is the motion filed by defendants Cornerstone Strategic

19  Advisors, LLC, aka CSA Strategic Advisors, LLC, Roger K. Fuller, and D. Michael Bishop ("the

20  Cornerstone defendants") to dismiss plaintiff's first amended complaint for failure to serve the

21  complaint timely pursuant to Federal Rule of Civil Procedure 4(m).  The motion has been fully

22  briefed by the parties.  After a careful consideration of the pleadings and relevant pleadings

23  presented, and for the reasons set forth below, this Court GRANTS defendants' motion and

24  dismisses the Cornerstone defendants without prejudice.

25  //

26  //

27  //

28  //

## BACKGROUND

The instant case, alleging fraud and malpractice based on an Internal Revenue Service ("IRS") rejection of a tax deduction involving investment of foreign currencies, was filed on December 3, 2004.   Shortly thereafter, various motions to dismiss were filed and some defendants were dismissed.[1]   On October 13, 2005, an order was issued requiring plaintiff to show cause ("OSC") why the defendants that remained after motion practice should not be dismissed for failure to prosecute.   Specifically, the OSC sought plaintiff's explanation why he had failed to serve to defendants Cornerstone Strategic Advisors, Roger K. Fuller, Michael D. Bishop ("the Cornerstone defendants"), Meisha E. Kresser and Gordon Brown[2] pursuant to Federal Rule of Civil Procedure 4(m).[3]

An OSC hearing was held on November 17, 2005, and, upon the representation of attorney Christopher Villaseñor, appearing specially, that prior counsel's serious illness delayed the prosecution of this case, the OSC hearing was continued to January 26, 2006.   The January 26, 2006 OSC hearing was again continued to February 16, 2006, based on the representations of attorney Villaseñor that the case would proceed apace.   Counsel indicated that a first amended complaint and a motion for default judgment as to the Groh defendants would be filed by February 15, 2006.   The February 16, 2006 hearing was apparently vacated and continued to March 2, 2006.

---

[1] Defendants Multinational Strategies, Larry C. Fedro, and Larry C. Fedro Associates were dismissed early on, *see* Docs. # 16, 24, but were named again as defendants in the first amended complaint. *See* Doc. # 24.  Defendant Multinational Strategies was again dismissed from the first amended complaint on August 31, 2006 based on lack of personal jurisdiction.  *See* Docs. # 65, 66.

[2] Defendants Kresser and Brown, along with defendant Groh Asset Management and Roger Owen Groh, have recently been dismissed voluntarily by plaintiff. *See* Docs. # 69, 75.  Thus, if the Cornerstone defendants are dismissed, only Larry C. Fedro and Larry C. Fedro & Associates will remain as defendants in this case.

[3] The OSC also required plaintiff to show cause why defendant Groh Asset Management and Roger Own Groh ("the Groh defendants") should not be dismissed for failure to move for default judgment within thirty days of entry of default as required by Local Rule 55.1, the outcome of which is not relevant to the instant motion.

04cv2417

1    A first amended complaint ("FAC") was filed on February 28, 2006.[4] Plaintiff effected

2    service of the FAC upon defendants Cornerstone and Fuller on October 11, 2006 and

3    defendant Bishop on January 10, 2007.

4    The instant motion to dismiss was filed on February 1, 2007, but the motion did not

5    specify a hearing date.  Therefore, the Court issued an order directing the filing of the parties'

6    responsive briefing and setting a hearing date for March 22, 2007.  Plaintiff filed an opposition

7    to the motion on March 2, 2007 and the Cornerstone defendants filed a reply brief on March 9,

8    2007.  The motion was taken under submission without oral argument on March 16, 2007 and

9    the hearing date was vacated.  On March 20, 2007, this Court directed the parties to submit

10   further briefing on certain issues presented by the parties which were not fully developed in the

11   pleadings presented.  Plaintiff's supplemental pleading was filed on April 13, 2007 and the

12   Cornerstone defendants' pleading was filed on April 27, 2007.

13                                   **DISCUSSION**

14   The Cornerstone defendants move for an order dismissing the claims against them in the

15   FAC pursuant to Federal Rule of Civil Procedure 4(m).

16   **1.    Legal Standard**

17   Rule 4(m) of the Federal Rules of Civil Procedure provides that:

18   If service of the summons and complaint is not made upon a defendant within
     120 days after the filing of the complaint, the court, upon motion or on its own
19   initiative after notice to the plaintiff, shall dismiss the action without prejudice as
     to that defendant or direct that service be effected within a specified time;
20   provided that if the plaintiff shows good cause for the failure, the court shall
     extend the time for service for an appropriate period.
21

22   Fed.R.Civ.P. 4(m).  The Ninth Circuit recently explained that "Rule 4(m) ... *requires* a district

23   court to grant an extension of time when the plaintiff shows good cause for the delay.

24   Additionally the rule *permits* the district court to grant an extension even in the absence of good

25   cause."  <u>Efaw v. Williams</u>, 473 F.3d 1038, 1040 (9th Cir. 2007) (internal citations

26   omitted)(emphasis in original).

27   _____

28   [4] The March 2, 2006 hearing date was held but did not concern the unserved defendants due to the
     filing of the FAC.  The FAC contains thirteen causes of action based on breach of fiduciary duty, fraud,
     negligence, negligent misrepresentation and civil conspiracy.  *See* FAC ¶¶ 46-148.

1    Good cause, at a minimum, means excusable neglect.  Boudette v. Barnette, 923 F.2d

2    754, 756 (9th Cir. 1991).[5]  A plaintiff may also show good cause if he establishes that: "(a) the

3    party to be served received actual notice of the lawsuit; (b) the defendant would suffer no

4    prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  Id.

5    (citing Hart v. United States, 817 F.2d 79, 80-81 (9th Cir. 1987).  Even in the absence of good

6    cause, this Court has broad discretion to grant an extension.  In re Sheehan, 253 F.3d 507, 513

7    (9th Cir. 2001).  The Ninth Circuit has determined that a specific test need not be applied in

8    deciding whether the exercise of such discretion, absent good cause, is warranted.  Id.

9    **2.    Analysis**

10   The Cornerstone defendants seek dismissal on the grounds that they were not served

11   with process within the time constraints allowed under Rule 4(m), contending that good cause

12   cannot be shown and a discretionary extension should not be granted under the circumstances

13   here.  See Doc. # 77 at 7-8. The Cornerstone defendants point out that, even though this

14   Court, based on the representation that the proceedings would proceed apace, granted plaintiff

15   an extension to effect service in January 2006 more than a year after the original complaint was

16   filed, plaintiff still failed to serve the FAC upon them within the 120 day period provided by

17   Rule 4(m). Id.  The Cornerstone defendants contend this late service requires their dismissal

18   from this case. Id. at 8.

19   **A.    Good Cause**

20   As explained previously, plaintiff can meet his burden of demonstrating good cause if he

21   shows the neglect in service was excusable.   In addition, plaintiff may demonstrate good cause

22   by showing the three Boudette factors weigh in his favor: (a) actual notice was received; (b)

23   defendants would not be prejudiced; and (2) plaintiff would be severely prejudiced.  Boudette,

24

25         [5] Plaintiff, in his supplemental brief, initially disputes the applicability of the Boudette factors to this
     case, claiming that the Boudette case involved a determination of good cause under Rule 4(j), which governs
26   service upon a foreign government, not Rule 4(m) as is implicated here.  See Doc. # 84 at 2.  However, plaintiff
     fails to take into account the fact that Rule 4(m) replaced Rule 4(j) in the 1993 amendments to the Federal
27   Rules of Civil Procedure.  See Henderson v. United States, 517 U.S. 654, 662 (1996); Mann v. American
     Airlines, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003).  Because Boudette was decided in 1991, prior to the 1993
28   amendments, its reference to Rule 4(j) is not to the current Rule 4(j), applicable to foreign government service,
     but to the current Rule 4(m) that is clearly applicable to this case.

04cv2417

923 F.2d at 756.

## 1.   Excusable Neglect

Plaintiff contends the delay in service of process on these defendants was excusable, explaining[6] that he first attempted, through a private investigator, to serve the Cornerstone defendants in late 2004 or early 2005[7] at their "abandoned office in Salt Lake City, Utah ... [but the defendants] had moved and left no forwarding address." Id. at 5.  In May 2006, plaintiff states he hired a new private investigator[8] who subsequently located defendants Cornerstone and Fuller.  Id.  Then, plaintiff claims, when new counsel stepped in on July 6, 2006, it caused a two month delay in the forwarding of the summons and complaint to Utah for service of process on those two defendants.  Id.  According to plaintiff, defendant Bishop's whereabouts were not discovered until mid-December 2006, due to his having moved without providing a forwarding address.  Id.  Plaintiff states he subsequently re-hired his prior private investigator who "found an alternate address for [defendant] Bishop."  Id.  Based on these representations, plaintiff argues that the Cornerstone defendants "are solely or partially to blame for the delay, as they attempted to secret themselves [to avoid] service of process ... [and

_____

[6] Plaintiff presents, as evidentiary support for these facts, the declaration of Christopher Villaseñor who attests the facts are true.  See Villaseñor Decl. at 4.  The Cornerstone defendants object to the majority of Villaseñor's declaration for various reasons, including lack of personal knowledge and hearsay as well as because Villaseñor presents facts that are actually legal conclusions.  See Reply at 2-5.  Notably, plaintiff objects to Villaseñor's attestation concerning prior counsel, Robert Kilbourne, whose illness Villaseñor presented to show good cause why the original complaint had not been properly served when the first OSC hearing was conducted, because plaintiff claims Mr. Kilbourne's illness is not relevant since Kilbourne was never an attorney of record in this case.  See Reply at 3. Nevertheless, the Cornerstone defendants point to Villaseñor's declaration to support some of their contentions in reply.  See Reply at 8 (citing Villaseñor Decl. ¶ 9c); compare Reply at 4 (objecting to Villaseñor Decl. ¶ 9c).  However, because the statements presented in Villaseñor's declaration to which defendants' object are not relevant or necessarily useful in the Court's determination of the issues presented, defendants' objections are OVERRULED as moot.

[7] In his opposition papers, plaintiff claims his first attempt at service was made on December 3, 2004 (the day his original complaint was filed with the court) but counsel's declaration states that prior counsel, Donald McVay, did not hire an investigator to locate the defendants until February 2005 and indicates the investigating service's first attempt was made on February 24, 2005.  See Opp. at 5; compare Villaseñor Decl. ¶ 2.

[8] Plaintiff presents no explanation for the delay between hiring the first and second investigators other than a vague statement indicating counsel Villaseñor was not given the authority to hire or pay for a second private investigator until May 2006.  Villaseñor Decl. ¶ 9c.  Plaintiff's counsel's declaration also asserts attorney Robert Kilbourne's illness, "during the period January 2006 to current, contributed to the delay[.]" Id. ¶ 9b.

04cv2417

1   to] avoid the consequences" of having to defend against plaintiff's allegations.  Id. at 5-6.

2          The Cornerstone defendants, in reply, contend that plaintiff cannot point to "a single

3   act that supports his claims" regarding defendants' evading service and "secret[ing] themselves."

4   Reply at 6.  The Cornerstone defendants point out that plaintiff fails to identify what actions

5   he, or his private investigators, actually took to locate the defendants, presenting evidence that

6   they did nothing to circumvent plaintiff's ability to locate them for service of process.  Id.

7   at 6-7; see Bishop Decl. ¶¶ 4-5; Fuller Decl. ¶¶ 3-8.  In fact, the Cornerstone defendants claim

8   plaintiff could have easily found them through available resources such as conducting an on-line

9   search of the internet, requesting change of address information through the United States

10  Postal Service, requesting information through the Utah State Division of Occupations and

11  Professional Licensing department, or even simply looking them up in the phone book.  Id.; see,

12  e.g., Bishop Decl., Exh. A, Fuller Decl., Exh. B.  In addition, the Cornerstone defendants find

13  it "telling that  another San Diego resident - Kevin Slatnick - sued these same defendants near

14  the same [time] and was able to effect service of process on October 15, 2005 ... [and served

15  process] at the same address [where] plaintiff ... served [defendants] Fuller and Cornerstone."

16  Id. at 7-8.  The Cornerstone defendants note defendant Bishop actually filed an answer in the

17  Slatnick matter before he was even served.  Id. at 8.

18          A careful examination of the record, including the declarations presented by both parties,

19  reveals that plaintiff does not sufficiently explain the substantial delay in service of the FAC

20  upon these defendants.  Specifically, notwithstanding the lack of explanation for the one and

21  a half year delay between his first attempt at service in December 2004 and his second attempt

22  in May 2006, plaintiff does not adequately explain why either of the private investigators he

23  hired could not locate these defendants by resorting to simple and accessible methods, or why

24  it took him almost eight months to serve defendant Fuller and almost ten months to serve

25  defendant Bishop with the FAC after the Court, on January 30, 2006, directed plaintiff

26  (through his new counsel) to comply with the Federal Rules of Civil Procedure in properly

27  serving defendants.  See Doc. # 31 at 2 ("Counsel shall serve defendants with the first amended

28  complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of this

1   District."). Therefore, this Court finds plaintiff has not sufficiently shown the delay in service

2   of these defendants can be characterized as excusable neglect.

3            **2.    The <u>Boudette</u> Factors**

4            **a.    Actual Notice**

5            The parties appear to agree that the Cornerstone defendants received actual notice of the

6   instant lawsuit when they were served with the summons, complaint and FAC on October 11,

7   2006 and January 10, 2007. *See* Doc. # 77 at 4; Doc. # 80 at 5; Doc. # 84 at 3; Doc. # 85

8   at 3. Plaintiff suggests, in his supplemental brief, that "it is very likely ... [the Cornerstone

9   defendants] had actual knowledge of the subject complaint when co-defendants Roger Own

10  Groh and Groh Asset Management, Inc. were served with [p]laintiff's original complaint on or

11  about March 21, 2005." Doc. # 84 at 3. The Cornerstone defendants claim that suggestion

12  is speculative at best. Doc. # 85 at 3. This Court agrees with the Cornerstone defendants.

13  There is nothing in the record to support plaintiff's suggestion that actual notice may have

14  occurred as early as March 2005.[9] Therefore, this Court finds that this factor does not weigh

15  in favor of finding good cause.

16           **b.    Prejudice to Defendants**

17           Although the Cornerstone defendants present no prejudice argument in their moving

18  papers, they claim, in their reply brief, they relied upon Fedro's opinion letter which was the

19  catalyst of the injuries alleged by plaintiff in the instant complaint. Doc. # 80 at 11; *see* FAC

20  ¶¶ 4, 14. The Cornerstone defendants thus contend they will be prejudiced if an extension is

21  granted because they are now statutorily barred from bringing a third party complaint for

22  malpractice against Larry C. Fedro. Doc. # 80 at 11. In his supplemental brief, plaintiff

23  contends that no prejudice can be shown because (1) only loss of evidence can constitute

24  prejudice under Rule 4(m); (2) the applicable statute of limitations does not bar the

25  Cornerstone defendants from filing a third party complaint for malpractice against Larry C.

26  _____

27      [9]  In fact, plaintiff contradicts this suggestion in his supplemental brief when discussing the applicable
    statute of limitations for bringing a third party complaint against Larry C. Fedro, stating that the statute would
    not start to run for the Cornerstone defendants until they were first served with the FAC (on October 11, 2006

28  and January 10, 2007) because that is "when the cause of action was discovered or should have been
    discovered with the exercise of due diligence." Doc. # 84 at 4 (emphasis omitted).

04cv2417

1  Fedro; and (3) even if they are barred from filing a malpractice third party complaint, the

2  Cornerstone defendants could still file a third party complaint against Fedro on other grounds.

### 1. Prejudice under Rule 4(m)

4  Plaintiff first disputes the Cornerstone defendant's assertion of prejudice on the grounds

5  that, in the context of Rule 4(m), prejudice is limited to "loss of available evidence or an

6  increased potential for fraud or collusion." Doc. # 84 at 3 (citing Gowan v. Teamsters Union,

7  170 F.R.D. 356, 360 (S.D.N.Y. 1997); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d

8  Cir. 1988)). The Cornerstone defendants disagree, pointing out that neither of the cases cited

9  by plaintiff supports such a restrictive view. Doc. # 85 at 4. Regardless of the fact the two

10  cited are non-binding out-of-district cases, this Court is not persuaded with plaintiff's

11  interpretation of the holdings in those cases. This Court's reading of these cases reveals that

12  neither court stated or even implied prejudice can only be found if evidence would be lost or

13  fraud might be more likely. *See* Gowan, 170 F.R.D. at 360; Feliciano, 591 F.2d at 657.

14  Therefore, this Court finds plaintiff's first argument unavailing.

### 2. The Applicable Statute of Limitations

16  Plaintiff next claims the Cornerstone defendants' assertion that the applicable statute of

17  limitations would bar them from bringing a third party complaint against Larry C. Fedro for

18  malpractice is in error. Doc. # 84 at 3-4. Plaintiff contends that the Florida statute under

19  which such a complaint would be brought does not apply to the Cornerstone defendants and,

20  even if it does, the statute has not yet run. Id. (citing Fla. Stat. § 95.11). Plaintiff explains that

21  the Florida statute does not apply to the Cornerstone defendants' complaint against Fedro

22  because the statute only limits actions where the parties are in privity, which plaintiff claims

23  they are not. Id. at 4. Plaintiff further explains that the two year limitations period has not yet

24  run because it did not start until the Cornerstone defendants were served with the FAC on

25  October 11, 2006 and January 10, 2007, since that is "when the cause of action was discovered

26  or should have been discovered with the exercise of due diligence." Id. (emphasis omitted).

27  The Cornerstone defendants dispute plaintiff's lack of privity argument, claiming they

28  were, in fact in privity with Fedro because they "sought and obtained legal advice from [him]"

04cv2417

and thus the two year limitations period applies to them.  Doc. # 85 at 5-6.  The Cornerstone defendants also dispute plaintiff's calculation of the statute's starting point, contending that the statute began to run when plaintiff received a letter notifying him of the IRS rejection of his tax deduction because that is when plaintiff is alleged to have discovered the fraud at issue.  Id. at 6-7.  This Court agrees with the Cornerstone defendants.   Although this Court declines to determine whether, in fact, the Florida statute of limitations applies to the Cornerstone defendants or whether the statute has run, this Court finds that, based on the authority cited and the record presented here, the Cornerstone defendants will most likely be barred from bringing a third party complaint against Fedro for fraud.

### 3.    Other Grounds

Plaintiff, lastly, argues that the Cornerstone defendants, if barred from bringing a malpractice action against Fedro, could still bring a third party complaint against Fedro based on fraud, negligence, breach of contract, or any other ground not barred by the two year statute of limitations and, therefore, cannot demonstrate prejudice.  Doc. # 84 at 4.  The Cornerstone defendants contend that these other grounds are either not available to them or insufficient to afford them the relief they would seek in a malpractice action.  *See* Doc. # 85 at 7-8.  This Court finds that, even if the Cornerstone defendants could recover under other theories than malpractice, the availability of other grounds for relief does not alleviate the prejudice to the Cornerstone defendants for being denied the opportunity to seek relief as deemed appropriate due to plaintiff's failure to serve the instant complaint timely.

### 4.    Conclusion

Because none of plaintiff's arguments sufficiently negate the Cornerstone defendants' prejudice showing, this Court finds that the Cornerstone defendants have sufficiently established they will be prejudiced if the instant motion is not granted and, thus, this factor weighs against a good cause finding.

//

//

//

04cv2417

### c.    Prejudice to Plaintiff

Plaintiff claims he will suffer severe prejudice if the motion is granted because the statute of limitations has run on plaintiff's claims.[10]  Doc. # 80 at 3-4 (citing De Tie v. Orange County, 152 F.3d 1109, 1111 n.5 (9th Cir. 1988)(noting, in *dicta*, that a statutory bar may be a sufficient justification to grant an extension of time to serve process)).  In his supplemental brief, plaintiff expands on his prejudice argument, contending that he would be barred by California's statutes of limitations from re-filing the "core causes of action in the complaint" if the Cornerstone defendant's motion is granted.  *See* Doc. # 84 at 5.

The FAC states that plaintiff discovered defendants' alleged wrongs in January 2004.[11]  FAC ¶ 50.  The Cornerstone defendants point out plaintiff submits a declaration from counsel, in support of his opposition, that states "all causes of action" would be barred but contradictorily argues, in his supplemental brief, that only the "core causes of action" would be time-barred.  Id.  The Cornerstone defendants contend this contradiction "makes it almost impossible to determine what prejudice, if any, he will experience if the defendants' motion is granted."  Id. at 8-9 (citing Norsyn, Inc. v. Bank of India, 2007 U.S.Dist. LEXIS 19212 at *18 (D.Col. March 19, 2007)(finding the plaintiff's prejudice factor either weighed against a good cause finding or was "neutral" based on lack of information as to the extent of any time-bar)).

This Court disagrees with the Cornerstone defendants.  Unlike the plaintiff in Norsyn, plaintiff here presents sufficient information to make an informed decision concerning the extent of any time-bar.  According to plaintiff, his various claims carry two, three and four year statutes of limitations under California law (negligence and negligent misrepresentation - two years; fraud and civil conspiracy - three years; breach of fiduciary duty - four years).  Doc. # 84

---

[10] Plaintiff also initially contends, in his opposition, that he will suffer prejudice because he will incur additional expenses if required to re-file his complaint.  *See* Doc. # 80 at 3-4.  This Court is unconvinced that incurring additional expense is prejudicial to plaintiff because plaintiff could, if successful on the merits of his claims, seek and receive reimbursement for the added expense from defendants.  Therefore, this argument fails.

[11]  In his supplemental brief, plaintiff mistakenly states the alleged wrongs were discovered in January 2005, obviously a typographical error because plaintiff filed his original complaint, in December 2004, one month before that date.  *See* Doc. # 84 at 5.  Although the Cornerstone defendants invite this Court to calculate the statute of limitations using the erroneous January 2005 date as the starting point, *see* Doc. # 85 at 8, this Court declines that invitation.

at 5.  The Cornerstone defendants do not dispute plaintiff's representation as to the appropriate statute to apply.  *See* Doc. # 85 at 8.  Thus, based on plaintiff's representation of the proper limitations period for each claim and upon using the January 2004 date as the starting point, the only claim currently presented in the FAC that would not be barred is the breach of fiduciary duty claim which has a four year limitations period.  Therefore, this Court finds that plaintiff has sufficiently shown he will be severely prejudiced if the instant motion is granted because a significant portion of his claims will be barred.  Accordingly, this factor weighs in plaintiff's favor.

### d.    Weighing the <u>Boudette</u> Factors

Based on the above, of the three factors, only plaintiff's severe prejudice weighs in favor of a good cause finding.  Plaintiff contends that the severe prejudice of a statute of limitations bar warrants, by itself, a finding of good cause for extending Rule 4(m)'s time constraints.  *See* Doc. # 84 at 5 (citing <u>Mann v. American Airlines</u>, 324 F.3d 1088, 1090 (9th Cir. 2003)).  However, this Court finds that neither Rule 4(m)'s explicit language nor the holding in <u>Mann</u> requires the Court to find good cause when a plaintiff demonstrates a statutory timeliness bar but, instead, merely explains that the bar is properly weighed in determining whether to use discretion in granting an extension absent a good cause showing.  *See* <u>Mann</u>, 324 F.3d at 1090.  This Court is mindful that plaintiff has shown severe prejudice but that fact, alone, is not enough to warrant a finding of good cause for plaintiff's excessive delay in service of the complaint upon these defendants.  Weighing that factor against the Cornerstone defendants' demonstrated prejudice and the lack of actual notice prior to the late service does not, in this Court's view, tip the scales in plaintiff's favor.  Accordingly, this Court finds that plaintiff has failed to demonstrate good cause through application of the <u>Boudette</u> factors.

### B.    Discretionary Extension of Time to Effect Service

Absent a good cause showing, this Court still has the discretion to deny the instant motion and grant plaintiff an extension of Rule 4(m)'s time restraints.  The Cornerstone defendants point out that some courts, including one in this District, have declined to grant an extension even when a plaintiff has demonstrated the claims would be statutorily barred if an

04cv2417

extension were not granted.  *See* Doc. # 85 at 9-10 (citing <u>Baltierra v. United States</u> <u>Department of Education</u>, 2001 WL 1480297 *2 (S.D.Cal.)(declining to exercise discretion to grant additional time under Rule 4(m) despite statutory bar on some of plaintiff's claims); <u>Glover v. City of New York</u>, 2007 U.S. Dist. LEXIS 7693 at *15 (E.D.N.Y. February 2, 2007)(dismissing action despite statutory bar to re-filing because the plaintiff had already been given an earlier extension and "such inexcusable neglect forfeits the right to proceed on the complaint."); <u>American Commer. Barge Line Co. v. Tug Joan Salton</u>, 2001 WL 262724 *4-5 (S.D.N.Y. March 16, 2001)(dismissing complaint because plaintiff had more than one opportunity to serve timely but still failed to do so)).

After a careful consideration of the circumstances here, this Court finds that the exercise of its discretion to extend Rule 4(m)'s time requirements is not warranted.  In October 2005, almost one year after the original complaint was filed, plaintiff was given a *de facto* extension of time to effect service when the Court granted plaintiff the opportunity to file his FAC by February 2006 and serve it upon the defendants in accordance with Rule 4(m).  However, plaintiff still failed to serve the FAC upon the Cornerstone defendants within the required 120 days (due by June 26, 2006 - 120 days after February 28, 2006), effecting service upon these defendants nearly three years after the original complaint was filed and over three months after the 120 day deadline expired.  Under these circumstances, this Court is not inclined to exercise its discretion by granting a further extension of time absent a good cause showing.  Therefore, plaintiff's FAC is DISMISSED for failure to comply with the time requirements of service under Rule 4(m).

//

//

//

//

//

//

//

12

1

## CONCLUSION AND ORDER

2      Based on the foregoing, IT IS HEREBY ORDERED that the motion of defendants

3  Cornerstone Strategic Advisors, LLC, aka CSA Strategic Advisors, LLC, Roger K. Fuller, and

4  D. Michael Bishop to dismiss plaintiff's first amended complaint for failure to serve the

5  complaint timely pursuant to Federal Rule of Civil Procedure 4(m) [doc. # 77] is **GRANTED**

6  and the instant complaint is **DISMISSED WITHOUT PREJUDICE** as against these

7  defendants only.

8  DATED:  August 27, 2007

9

10      HON. JOHN A. HOUSTON
       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

04cv2417